Donald G. Walker (SB#135758)
99 Elm Ave
Larkspur CA 94939
Telephone: 415 479 1176
Fax: 415 479 1177
Attorney for Plaintiff Kristine Barnes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTINE BARNES )
) No.
Plaintiff, )
)
vs. )
)
RICK MORTELL also known as ERIC )
MORTELL; DARLENE MORTELL; ERIKA )
MORTELL; BAY ISLANDS ENTERPRISES, )
INC.; BAY ISLANDS ENTERPRISES
INVESTMENTS S.A. de C.V. also known as
VIVA ROATAN RESORT and/or VIVA
WYNDHAM RESORT; and Does 1 to 10
inclusive.
Defendants

Plaintiff KRISTINE BARNES brings this action on behalf of herself and alleges as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. sec 1332(a) as the amount in controversy exceeds $75,000 and is a dispute between individuals who reside in other states and in foreign countries.

2. Venue is proper in California pursuant to 28 U.S.C. sec. 1391(b)(2) as a substantial part of the events or omissions as well as damages complained of in this Complaint occurred in California.

1

**Complaint of KRISTINE BARNES**

## **PARTIES**

3. The Plaintiff KRISTINE BARNES is a resident of California who along with the others signed purchase agreements with BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V and/or BAY ISLANDS ENTERPRISES, INC.

4. The Defendant BAY ISLANDS ENTERPRISES INC. at all relevant times carried on business in Florida.

5. The Defendant RICK MORTELL also known ERIC MORTELL and the Defendant DARLENE MORTELL reside in the state of Texas.

6. The Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT carries on business in the country of Honduras and the Defendant Erika Mortell resides in the country of Honduras.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, and sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiff's damages were proximately caused by each of the Defendant's conduct.

9. Plaintiff is informed and believes that at all times herein mentioned, Defendants and each of them, were the agents, servants, and employees of each other, and in doing or failing to do the things alleged herein, Defendants, and each of them, were acting and performing in their course and scope of their agency and employment with the other Defendants.

## **GENERAL ALLEGATIONS**

10. In or about July 2005, the Plaintiff, Kristine Barnes, agreed to purchase pursuant to two Purchase Agreements, two condominium units on the island of Roatan in the Republic of the Honduras from Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. and/or BAY ISLANDS ENTERPRISES INVESTMENTS also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT.

10. The Plaintiff deposited money by way of a bank wire in the amount of $76,000

**Complaint of KRISTINE BARNES**

with ADVANTAGE TITLE and pursuant to the Purchase Agreements the deposits were to be held by the Escrow Agent who was ADVANTAGE TITLE.

11. The plaintiff is aware of more than 42 similarly complaining purchasers who executed similarly worded purchase agreements as the Plaintiff's Purchase Agreements and they also deposited their purchase funds which are in excess of $1 million with the STEWART TITLE OF LATIN AMERICA INC. and/or ADVANTAGE TITLE.

12. The Plaintiff and all similarly complaining purchasers never received a Prospectus and a Property Report for the condominium units in order to comply with the *U.S. Interstate Land Sales Act* Title 15, Chapter 42 U.S. Code sec. 1703(c) and sec. 1404(a) (1).

13 The Purchase Agreements executed by the Plaintiff do not comply with *California Business and Professions Code* sec. 10249.8 (c) which requires that where an agreement to purchase out of state land is presented to a resident of California, the agreement must have a warning in 10 point type as set forth in the Business and Professions Code and initialed by the Purchaser.

14 The Plaintiff was solicited by sales directed to the Plaintiff in California, Plaintiff executed all agreements in California and never visited Roatan but relied solely on the representations of the Defendant RICK MORTELL and/or agents.

15. All the similarly complaining purchasers were solicited by sales directed to them in various states in America, each similarly complaining purchaser executed all agreements in their resident state and never visited Roatan but relied solely on the representations of the Defendant RICK MORTELL and/or agents.

16. The Plaintiff discovered in the summer of 2012 that ADVANTAGE TITLE was not a real title company but a business name assumed by ANDREW MESSINA, a resident of Florida, using the same name as a title company owned by Stewart Title, a national title company, and on information and belief alleges that ANDREW MESSINA was conspiring with the Defendant RICK MORTELL to collect the deposits of the purchasers of the condominium units of Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. and/or Defendant BAY ISLANDS ENTERPRISES INC. also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT so that the funds could be released without the

3

**Complaint of KRISTINE BARNES**

permission of the purchasers to the order of Defendant RICK MORTELL and/ or corporations that he controls and/or to Defendant DARLENE MORTELL.

17. The Plaintiff sent a letter directed to the Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. and ADVANTAGE TITLE demanding the return of the deposits and has received no response.

18. The Defendant RICK MORTELL and/or Defendants BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT and BAY ISLANDS ENTERPRISES INC. and/or DARLENE MORTELL have taken the funds from ADVANTAGE TITLE and used them for their own benefit.

19. The Defendant RICK MORTELL and Defendant DARLENE MORTELL were absent from the United States from sometime in 2010 until sometime in 2013.

20. In or about March 2007 the Defendant RICK MORTELL and the Defendant DARLENE MORTELL took the investor funds including the Plaintiff's funds from the Defendants BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT and BAY ISLANDS ENTERPRISES INC. and purchased real property (the "Property") known as 110 South Veilwood Circle, The Woodlands, Texas legally described as all that certain real property situated in the County of Montgomery State of Texas described as follows Lot Fifty –Three (53) in Block One (1) of the Woodlands Village of Sterling Ridge section Sixty-Five (65) a subdivision of 20.09 acres of land situated in the Dickinson Garrett Survey A-226, Montgomery County Texas, according to the map or plat thereof recorded in Cabinet Z, Sheet 111 of the Map of Records of Montgomery County Texas for their own purposes and such diversion of funds is a fraud upon the Plaintiff and similarly situated purchasers.

21. Sometime in 2005 the defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V, a company managed by the Defendant RICK MORTELL and who owns 80% of the shares of said company, purchased approximately 30 acres on the island of Roatan in the Honduras. Nothing has ever been constructed on the lands, in particular, the condominiums sold to the Plaintiff and similarly complaining purchasers and in 2012 two similarly situated purchasers Robert Ponce and Maria Ponce executed upon a judgment based upon fraud and

4

**Complaint of KRISTINE BARNES**

breach of agreement for an amount in in excess of $175,000 against the Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V, and Defendant RICK MORTELL and had 20 acres of the 30 acres sold by auction and that in 2014 two other similarly situate purchasers Richard Wilbanks and Karen Wilbanks obtained a judgment against Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V, and Defendant RICK MORTELL based upon fraud and breach of agreement for an amount greater than $45,000 and will shortly have the remaining 10 acres sold by auction in order to realize upon the judgment.

22. The Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V, has no business purpose but the Defendant DARLENE MORTELL admits in a bankruptcy filing, U.S. Bankruptcy Court Southern District of Texas Houston Division case 13-30566-H3-13, that she and the Defendant RICK MORTELL together take $13,000 per month from the Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V, which is a continuing fraud against the Plaintiff and similarly complaining purchasers and based upon that bankruptcy filing the Defendant DARLENE MORTELL and Defendant RICK MORTELL are taking in excess of $200,000 of monies of the purchasers for their personal use.

23. The Defendant DARLENE MORTELL admits in the above bankruptcy filing that she is insolvent and owes creditors in excess of $10,000. Such creditors can at any time petition the Defendant DARLENE MORTELL into an involuntary bankruptcy.

24. The Defendant DARLENE MORTELL is a Canadian who entered the United States as a visitor on the false representation that she had a permanent residence outside of the United States and/or has repeatedly overstayed her visitor status staying in excess of 365 days and/or 180 days and can be arrested and deported from the U.S. at any time and barred from reentry to the United States for 10 years.

25. The Defendant RICK MORTELL is a Canadian who entered the United States as a visitor on the false representation that he had a permanent residence outside of the United States and/or has repeatedly overstayed his visitor status staying in excess of 365 days and/or 180 days and can be arrested and deported from the U.S. at any time and barred from reentry to the United States for 10 years.

**Complaint of KRISTINE BARNES**

26. The Defendant RICK MORTELL admits in a bankruptcy filing, U.S. Bankruptcy Court Southern District of Texas Houston Division 10-33707-143-13, that he is insolvent and owes several creditors in excess of $10,000. Such creditors in addition to subsequent judgment creditors can at any time petition the Defendant RICK MORTELL into an involuntary bankruptcy. The U.S. Trustee can then take control of the funds of the Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V and stop the continued wrongful taking of funds by the Defendant RICK MORTELL and by the Defendant DARLENE MORTELL.

27. The Defendant RICK MORTELL and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V made representations that Wyndham International would be operating a resort in which the condominium units of the Plaintiff and similarly situate purchasers would be operated as rental units however Wyndham International has looked at any correspondence on its letterhead setting out such assertion and identified such letters as a fraud/and/or forgery.

28. The Defendant ERIKA MORTELL has taken possession of a piece of property represented to be an asset of the Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V and uses that asset for her personal benefit, namely, the operation of a restaurant/bar called Fonsies.

29. The similarly complaining purchasers who had deposited their purchase funds with the STEWART TITLE OF LATIN AMERICA INC. were permitted by STEWART TITLE OF LATIN AMERICA INC. to move their funds to ADVANTAGE TITLE and the similarly complaining purchasers believed that ADVANTAGE TITLE was in some manner related to STEWART TITLE OF LATIN AMERICA INC. which failed to rectify the confusion with the result that their funds were released without the permission of the purchasers to Defendant RICK MORTELL and/ or corporations that he controls.

30. The Defendant RICK MORTELL, the Defendant DARLENE MORTELL and Defendant ERIKA MORTELL have disregarded the corporate formalities of both BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.  and/or BAY ISLANDS ENTERPRISES INC. And adherence to the fiction of separate existence of the Defendant corporation BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V.  and/or  BAY ISLANDS ENTERPRISES INC. as

**Complaint of KRISTINE BARNES**

an entity distinct from the Defendant RICK MORTELL, the Defendant DARLENE MORTELL and Defendant ERIKA MORTELL would permit an abuse of the corporate privilege and sanction the fraud as set forth herein.

31. The Defendant RICK MORTELL and/or Defendant DARLENE MORTELL have a pattern of fraudulent activity, in particular, submitting a false Uniform Residential Loan Application Form 1003, in violation of Title 18 United States Code sec. 1001 et seq. having a maximum jail sentence of 30 years, to World Savings Bank FSB the predecessor to Wells Fargo Bank N.A. in order to obtain a mortgage in the amount of $417,000 which application is false as it fails to declare existing debts to Bernice Zurick and Edward Zurick in amounts exceeding $160,000, states an income from BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. when in fact there was no income and also listing as an asset funds belonging to BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. as personal when such funds belonged to the Plaintiff and/or similarly complaining purchasers; filing sworn documents in the United States Bankruptcy Court Southern District of Texas Houston Division case No. 10-33707-H3-13 that fails to list any shares held in BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. and/or funds held outside of the United States; filing sworn documents including an Amended Chapter 13 plan in United States Bankruptcy Court Southern District of Texas Houston Division case No. 13-30566-H3-13 that sets out an income from BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. when in fact there was no income but a continued taking of funds of the Plaintiff and/or similarly complaining purchasers.

32. The Defendant RICK MORTELL Defendant DARLENE MORTELL and/or ERIKA MORTELL have operated under the names of the BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. also known as VIVA WYNDHAM RESORT and VIVA ROATAN RESORT and/or Defendant BAY ISLANDS ENTERPRISES, INC.

## FIRST CAUSE OF ACTION - VOID CONTRACT

33. Plaintiff refers to and incorporate herein by reference paragraphs 1 through 32 the Complaint as though fully set forth.

34 Neither of the Purchase Agreements complies with comply with the U.S. Interstate Land Sales Act Title 15, Chapter 42 U.S. Code sec. 1703(c) and sec. 1404(a) (1)

7

**Complaint of KRISTINE BARNES**

nor the California Business and Professions Code sec. 10249.8 and therefore are void.

35. The Plaintiff and similarly complaining purchasers are entitled to a return of the deposits from any and all the Defendants and as a proximate result of the said Defendants' action, Plaintiff has been damaged in excess of $76,000 by the failure and/or inability to return the deposits and similarly situated persons has been damaged in excess of $1 million

WHEREFORE Plaintiff prays for judgment against Defendants and/or each of them as hereinafter set forth.

## **SECOND CAUSE OF ACTION-FRAUD**

36. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 32 of the Complaint.

37. The Defendants and each of them concocted a scheme to induce the Plaintiff as well as similarly complaining purchasers to deposit funds with the ADVANTAGE TITLE when the Defendants and each of them knew the ADVANTAGE TITLE was not a real escrow company and after the funds were deposited the Defendants and each of them took the funds for their personal uses.

38. Plaintiff and similarly complaining purchasers at the time the scheme was made and at the times that the Plaintiff and similarly situated persons took the action of wiring monies were ignorant of Defendants' secret intention to take the money and the Plaintiff and similarly complaining purchasers could not in exercising reasonable diligence have discovered Defendants' intention. In reliance on the promises and representations of the Defendants, Plaintiff and similarly situated persons did deposit monies and did believe that Defendants' would hold the money as a deposit.

39. Contrary to their promises and representations, Defendants' or each of them did not hold the money as deposits but took the deposits for personal uses.

40. If the Plaintiff and similarly complaining purchasers had known the actual intention of the Defendants or each of them Plaintiff would not have deposited the money and would not have trusted Defendants or each of them to hold the deposit.

**Complaint of KRISTINE BARNES**

41. As a proximate cause of the acts of the Defendants and/or each of them herein described above, Plaintiff has been damaged in a sum of $76,000 and the similarly complaining purchasers have been damaged in excess of $1 million.

42. The aforementioned conduct of Defendants and/or each of them was intentional misrepresentation, deceit, or concealment of material facts known to Defendants and/or each of them with the intention on part of the Defendants and/or each of them and thereby depriving Plaintiff and similarly complaining purchasers of property or otherwise causing injury and was despicable conduct that subject Plaintiff and similarly complaining purchasers to a cruel and unjust hardship and conscious disregard of Plaintiff's and similarly complaining purchasers and each of them and each of them rights so as to justify an award of exemplary and/or punitive damages

WHEREFORE Plaintiff prays for judgment against Defendants and/or each of them as hereinafter set forth.

**THIRD CAUSE OF ACTION CONSTRUCTIVE TRUST-RICK and DARLENE MORTELL**

43. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 32 of the Complaint.

44. Plaintiff is informed and believes that in the spring of 2007 the Defendant Rick Mortell and the Defendant Darlene Mortell purchased property known as 110 South Veilwood Circle The Woodlands Texas ("the Property") with funds of Plaintiff derived from the fraudulent escrow at ADVANTAGE TITLE and/or by the other fraudulent actions described herein .

45. The Defendant Rick Mortell subsequently transferred his legal interest in the Property to the Defendant Darlene Mortell but retains an equitable interest in the Property as disclosed by having subsequently filed a claim of homestead exemption and continuing to be liable on the deed of trust recorded against the Property.

46. Defendant Rick Mortell and Defendant Darlene Mortell are illegal aliens and can have no permanent residency in the United States and the claim of a homestead exemption is an illegal and fraudulent act which makes the claim void ab initio.

9

**Complaint of KRISTINE BARNES**

47. In addition, by reason of Defendants' use of the fraudulently obtained funds through wrongful acts, the Defendant Rick Mortell and the Defendant Darlene Mortell hold the Property and any funds derived from the sale thereof funds as a constructive trustee for the benefit of the Plaintiff as well as similarly complaining purchasers following the reasoning in the case of *Maryland Casualty Co. vs. Schroeder* 446 S.W. 2d 117 cited in U.S. Bankruptcy Court Eastern District of Texas Sherman Division Adversary Case No. 07-40626

WHEREFORE Plaintiff prays for judgment against Rick Mortell and/or Darlene Mortell and each of them as hereinafter set forth.

### FOURTH CAUSE OF ACTION CONSTRUCTIVE TRUST-ERIKA MORTELL

48. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 32 of the Complaint.

49. Plaintiff is informed and believes that Defendant RICK MORTELL, Defendant ERIKA MORTELL, Defendant BAY ISLANDS ENTERPRISES, INC., Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. and/or Does 1 to 2; in the spring of 2007 purchased property in Roatan Honduras for the supposed purposes of a sales offices but in or about 2010 a bar was established on the property known Fonsie's Bar, all with funds derived from the fraudulent escrow at ADVANTAGE TITLE.

50. By virtue of Defendants' use of the fraudulently obtained funds through the wrongful acts set forth herein, Defendant RICK MORTELL, Defendant ERIKA MORTELL, Defendant BAY ISLANDS ENTERPRISES, INC., Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V hold the property known as Fonsie's Bar and any funds derived from therefrom as a constructive trustee for the benefit of the Plaintiff as well as similarly situated persons.

WHEREFORE Plaintiff prays for judgment against Erika Mortell as hereinafter set forth.

**FIFTH CAUSE OF ACTION-AGAINST Defendant BAY ISLANDS ENTERPRISES, INC. and Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V**

51. Plaintiff re-pleads, re-alleges, and incorporates herein by this reference paragraphs 1 through 32 as previously pled herein.

52. Plaintiff contracted with Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V

53. Plaintiff performed all required actions under its contracts with Defendant BAY ISLANDS ENTERPRISES, INC. and Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V

54. Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V breached the contracts with Plaintiff by taking the Plaintiff's money from escrow and instead of building condominiums diverted the money elsewhere to be kept in a secret account and by using the money for other purposes.

55. As a result of Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. breaches, Plaintiff has suffered and will continue to suffer damages in an amount exceeding $75,000 (exclusive of interest and costs), to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V as herein set forth.

**SIXTH CAUSE OF ACTION-ALTER/EGO PIERCE CORPORATE VEIL AGAINST RICK MORTELL; DARLENE MORTELL; ERIKA MORTELL**

56. Plaintiff re-pleads, re-alleges, and incorporates herein by this reference paragraphs 1 through 31 as previously pled herein.

57. Defendant RICK MORTELL and Defendant DARLENE MORTELL should be held individually liable for the legal obligations of Defendant BAY ISLANDS ENTERPRISES, INC. and Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V. as alleged in this Complaint.

11

**Complaint of KRISTINE BARNES**

58. Defendant RICK MORTELL and/or Defendant DARLENE MORTELL and/or Defendant ERIKA MORTELL are the alter ego of   Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V.

59. Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V.  were  organized  and/or  have  been  used  to mislead  Plaintiff and/or similarly complaining purchasers  or perpetrate a fraud upon them.

60. Defendant RICK MORTELL and/or Defendant DARLENE MORTELL and/or Defendant ERIKA MORTELL have controlled and dominated Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V . to such an extent that the corporate form was in fact nonexistent and should be disregarded.

61. Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V have been used fraudulently or for an improper purpose.

62.  The fraudulent or improper use of Defendant BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V caused injury to Plaintiff, as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant RICK MORTELL and/or Defendant DARLENE MORTELL and/or Defendant ERIKA MORTELL individually, for the claims asserted herein.

## SEVENTH CAUSE OF ACTION PUNITIVE DAMAGES

63. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 32 of the Complaint.

64. The aforementioned conduct of Defendants BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V and/or Defendant RICK MORTELL and/or Defendant DARLENE MORTELL and/or Defendant ERIKA MORTELL was intentional theft, deceit, or concealment of material facts known to Defendants and/or each of them with the intention on part of the Defendants and/or each of them thereby

**Complaint of KRISTINE BARNES**

depriving Plaintiff of property or otherwise causing injury and was despicable conduct that subject Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's rights so as to justify an award of exemplary and/or punitive damages as to Defendants BAY ISLANDS ENTERPRISES, INC. and/or Defendant BAY ISLANDS ENTERPRISES INVESTMENTS S.A. de C.V and/or Defendant RICK MORTELL and/or Defendant DARLENE MORTELL and/or Defendant ERIKA MORTELL

WHEREFORE Plaintiff prays for judgment against Defendants and/or each of them as follows:

1. For compensatory damages in excess of $75,000
2. For interest on the damages at the legal rate from the dates of the conversion of the deposits;
3. For attorney fees as called for in the Purchase Agreements;
4. Imposition of constructive trust on the properties known as 110 South Veilwood Circle The Woodlands Texas and/or Fonsie's Bar and all funds derived therefrom
5. For punitive damages;
6. For such other and further relief as the court deems proper.

Dated May 22, 2014

                                              <u>s/s Donald Walker</u>
                                                 Donald Walker
                                              Attorney for Plaintiff
                                                  Kristine Barnes

**Complaint of KRISTINE BARNES**