UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTINE BARNES,

    Plaintiff,

v.

RICK MORTELL, et al.,

    Defendants.

Case No. 14-cv-02373-KAW

ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Dkt. No. 50

On October 27, 2014, individual defendants Eric (Rick) Mortell, Darlene Mortell, and Erika Mortell filed a motion for judgment on the pleadings to dispose of Plaintiff Kristine Barnes' complaint pursuant to Federal Rule of Civil Procedure 12(c). (Defs.' Mot., Dkt. No. 50.)[1]

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendants' motion for judgment on the pleadings.

**I.  BACKGROUND**

On May 22, 2014, Plaintiff Kristine Barnes filed this action for fraud and to void her contract in connection with her attempted purchase of two condominiums in Honduras that she claims were never built and was instead a scheme to defraud buyers. (Compl., Dkt. No. 1.) Plaintiff named Defendants Rick Mortell (a.k.a. Eric Mortell), Darlene Mortell, Erika Mortell, Bay Islands Enterprises Inc., and Bay Islands Enterprises Investments S.A. DE C.V. (a.k.a. Viva Roatan Resort and Viva Wyndham Resort). *Id.* Plaintiff claims that she learned of the alleged fraud and breach of contract in the summer of 2012, when she discovered that the title company

---

[1] The named corporate defendants did not join in this motion.

she used to facilitate the purchase was not a legitimate title company. (Compl. ¶ 16.)

On June 18, 2014, Eric Mortell (a.k.a. Rick Mortell), appearing pro se, filed an answer and a motion to dismiss on behalf of himself and other unspecified defendants. (Dkt. No. 7.)

On June 27, 2014, Defendants Eric Mortell, Darlene Mortell, Erika Mortell, and Bay Islands Enterprises Investments S.A. DE C.V., appearing pro se, collectively filed both an amended answer to the complaint and a motion to dismiss. (Dkt. Nos. 13 & 14.) In addition, Eric Mortell signed the pleadings on behalf of Bay Islands Enterprises Investments, despite not being authorized to practice law in the U.S. District Court for the Northern District of California.

On July 18, 2014, Bay Islands Enterprises Investments' answer was stricken on the Court's own motion, because, as a corporation, it must appear through an attorney licensed to practice in the jurisdiction. Default was entered against Bay Islands Enterprises Investments on August 5, 2014.

On September 12, 2014, individual defendants Eric (Rick) Mortell, Darlene Mortell, and Erika Mortell filed a motion to dismiss Plaintiff Kristine Barnes' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 16, 2014, the Court denied the motion to dismiss, because the individual defendants had already answered the complaint and, therefore, could not properly file a motion to dismiss.

On October 27, 2014, the individual defendants filed a motion for judgment on the pleadings. (Defs.' Mot., Dkt. No. 50.) On November 7, 2014, Plaintiff filed an opposition. (Dkt. No. 55.) Defendants did not file a reply, which was due on November 20, 2014, so the motion is fully briefed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Although a court is generally confined to the pleadings on a Rule 12(c) motion, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).[2] The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

### III. DISCUSSION

Defendants seek the dismissal of this case on the three separate grounds: (1) that the statute of limitations has run; (2) that the district court lacks jurisdiction and that venue is improper; and (3) that the case against the individually named defendants should be dismissed. Defendants have not articulated, however, which causes of action they seek to dismiss. Accordingly, the Court construes the motion as seeking the dismissal of the second and fifth causes of action, because the motion refers only to the fraud and breach of contract claims.

**1. This action is not barred by the applicable statutes of limitation.**

Defendants seek dismissal of Plaintiff's second and fifth causes of action on the grounds that they are fatally time-barred by the appropriate statute of limitations, as the limitations period

---

[2] Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

3

began to run in early 2010, and the case was not filed until May 23, 2014.

### a. Fraud claim

Plaintiff alleges that Defendants made false representations relating to the construction of condominiums in Honduras, specifically that it was a scheme to defraud purchasers. (Compl. ¶¶ 37-42.) The Complaint alleges that she learned of the alleged fraud and breach of contract in the summer of 2012, when she discovered that the "title company" she used was not legitimate. (Compl. ¶ 16.) California has a three year statute of limitations for fraud claims. Cal. Civ. Proc. Code § 338(d).

Defendants argue that Plaintiff's fraud claim is time-barred because Plaintiff's counsel demanded her money back as early as 2010. (Defs.' Mot. at 3-4.) Defendants produced a document claimed to be an email from Plaintiff's counsel, dated March 3, 2010, that mentioned the alleged fraud and threatened various forms of action. (*See* Decl. of Eric Mortell, "Mortell Decl.," Dkt. No. 51 ¶ 4, Ex. C.) This purported evidence, which disputes Plaintiff's contention that she discovered the fraud in 2012, is not appropriate at this juncture, because all of the allegations in the complaint are taken as true. The Court declines to convert the Rule 12(c) motion into a motion for summary judgment under Federal Rule of Civil Procedure 56.

Accordingly, the motion is denied with respect to the second cause of action.

### b. Breach of contract claim

Plaintiff's fifth cause of action alleges that the corporate entities "breached the contracts with Plaintiff by taking the Plaintiff's money from escrow and instead of building condominiums diverted the money elsewhere to be kept in a secret account and by using the money for other purposes." (Compl. ¶ 54.) Breach of contract claims are subject to a four-year limitations period. *See* Cal. Civ. Proc. Code § 337(1). Again Defendants claim that the limitations period began to run in early March 2010. (Defs.' Mot. at 3-4.) For the same reasons as above, *see* discussion *supra* Part III.1.a, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party, such that the statute of limitations began to run in 2012. *See Fleming v. Pickard*, 581 F.3d at 925.

Accordingly, the motion is denied with respect to the fifth cause of action.

4

**2. The Court has jurisdiction and venue is proper**

Defendants claim that the Court does not have jurisdiction over them, as they are non-resident defendants, and that venue is improper.

### a. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction when there is complete diversity of citizenship between the parties and the total amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff is a citizen of California, and Defendants are citizens of Texas, Florida, and Honduras. (Compl. ¶¶ 3-6.) Plaintiff alleges that she wired $76,000 to Defendants to purchase the two condominiums in Honduras. (Compl. ¶ 10.) Thus, the requirements for the exercise of subject matter jurisdiction are satisfied.

### b. Personal Jurisdiction

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Panavision*, 141 F.3d at 1320 (citing Cal. Civ. Proc. Code § 410.10). For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Thus, this Court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Panavision Int'l,* 141 F.3d at 1320 (quotation marks and citation omitted). Plaintiff bears the

5

burden of satisfying the first two requirements; the burden then shifts to Defendants to present a "compelling case" that the exercise of jurisdiction would be unreasonable. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citations omitted).

                i.    Purposeful Availment

Plaintiff must establish that Defendants purposefully availed themselves of the benefits and protections of doing business in California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). This "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* Generally, "a non-resident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract negotiations or the transaction of business." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) rev'd on other grounds, 499 U.S. 585 (1991) (citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)). "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In exchange for these "benefits and protections," defendants must "submit to the burdens of litigation in that forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, Defendants allegedly solicited Plaintiff in California, and the contract was executed in California. Thus, by soliciting sales and executing the contract, Defendants purposely availed themselves of the privilege of conducting business in California.

                ii.    Arising from forum-related activities

This element is established if Plaintiff would not have been injured "but for" the nonresident defendant's forum-related activities. *See Ballard v. Savage*, 65 F. 3d 1495, 1500 (9th Cir. 1995). The transaction was completed over the internet, Defendant solicited sales in California, and Plaintiff executed the agreements in California. (Pl.'s Opp'n at 3.) Those agreements are the subject of all of Plaintiff's claims. This is sufficient to satisfy the requirement that the action arose from forum-related activities.

///

          iii. Reasonableness

Defendants argue that the Court has no jurisdiction over them because they have never lived in California. (Defs.' Mot. at 5.) Defendants' residential history in California or lack thereof, however, is not a consideration for determining whether the exercise of personal jurisdiction is proper. Instead, because the first two requirements for exercising specific personal jurisdiction has been established, the nonresident defendants must present a "compelling case" that asserting jurisdiction would be unreasonable. *Mavrix*, 647 F. 3d at 1228 (citations omitted). Defendants did not address reasonableness in their moving papers. Nonetheless, the assertion of personal jurisdiction in this instance is not unreasonable given that Plaintiff was solicited by sales directed to her in California, and she executed all agreements in California. (Compl. ¶ 14.) Thus, Defendants had "fair warning" that they might be sued in California. *Burger King*, 471 U.S. at 472 (internal quotation marks and citation omitted); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (personal jurisdiction in a remote forum is reasonable if the defendant "should reasonably anticipate being haled into court there").

Accordingly, the Court may properly exercise personal jurisdiction over the non-resident defendants.

    c. <u>Venue</u>

Venue is proper in the Northern District of California under 28 U.S.C. § 1391, because the sale took place in the Northern District.

**3. The lawsuit is actionable against the individually named defendants.**

Defendants argue that they should not be personally named in this action because the claims are barred by the applicable statute of limitations.

As an initial matter, the Complaint alleges that the individually named defendants are alter egos of the corporate entities. (Compl. ¶¶ 30-32, 56-62.) Thus, for the purposes of surviving the pleadings stage, they are properly named parties.

As provided above, taking the allegations as true, the statute of limitations on Plaintiff's fraud and contract claims began to run in 2012 when she discovered the alleged fraud and breach. Thus, based on the allegations in the Complaint, they are not time-barred and the claims against

7

the individually named defendants are actionable.

## IV. CONCLUSION

In light of the foregoing, the Court DENIES Defendants' motion for judgment on the pleadings. Defendants are again advised to obtain counsel, as the corporate entities involved must appear through an attorney licensed to practice in the jurisdiction. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004).

IT IS SO ORDERED.

Dated: December 4, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge