1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   KRISTINE BARNES,                          Case No.  4:14-cv-02373-KAW

8              Plaintiff,                      **ORDER GRANTING WELLS FARGO'S
                                              MOTION TO INTERVENE AND FILE**
9        v.                                   **MOTION TO EXPUNGE LIS PENDENS**

10  RICK MORTELL, et al.,                      Re: Dkt. No. 113

11             Defendants.

12
13          On May 22, 2014, Plaintiff Kristine Barnes recorded a notice of lis pendens on

14  Defendants' real property located at 110 South Veilwood Circle, The Woodlands, Texas ("Subject

15  Property"), in connection with this lawsuit. (Req. for Judicial Not., "RJN," Dkt. No. 114, Ex. A.)

16          Upon review of the moving papers, the Court finds this matter suitable for resolution

17  without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below,

18  GRANTS Proposed Intervenor Wells Fargo's motion to intervene.

19                          **I.      BACKGROUND**

20          On May 22, 2014, Plaintiff Kristine Barnes filed this action for fraud and to void her

21  contract in connection with her attempted purchase of two condominiums in Honduras that she

22  claims were never built and was instead a scheme to defraud buyers.  (Compl., Dkt. No. 1.)

23  Plaintiff named Defendants Rick Mortell (a.k.a. Eric Mortell), Darlene Mortell, Erika Mortell, Bay

24  Islands Enterprises Inc., and Bay Islands Enterprises Investments S.A. DE C.V. (a.k.a. Viva

25  Roatan Resort and Viva Wyndham Resort). *Id.*  Plaintiff claims that she learned of the alleged

26  fraud and breach of contract in the summer of 2012, when she discovered that the title company

27  she used to facilitate the purchase was not a legitimate title company. (Compl. ¶ 16.)

28          On May 22, 2014, Plaintiff recorded a notice of lis pendens on Defendants' real property

United States District Court
Northern District of California

1    located at 110 South Veilwood Circle, The Woodlands, Texas ("Subject Property"). (Req. for

2    Judicial Not., "RJN," Dkt. No. 114, Ex. A.)

3        On September 28, 2015, Plaintiff filed a notice of settlement.  On January 19, 2016, the

4    parties filed a joint status report stating that they expected to file a dismissal within 120 days.

5    (Dkt. No. 103.) No dismissal was filed.  On September 27, 2016, Plaintiff filed a status report to

6    notify the Court that the parties' attempts to perform the conditions of settlement, which required

7    the sale of the subject property, had not occurred due to the collapse of the housing market in

8    Houston, Texas. (Pl.'s Status Report, Dkt. 110 at 1.)  Plaintiff also informed the undersigned that

9    Wells Fargo was initiating foreclosure proceedings in Texas because Defendants had defaulted on

10   their first lien mortgage. *Id.*

11       On November 21, 2016, Proposed Intervenor Wells Fargo Bank, N.A. filed a motion to

12   intervene and to file a motion to expunge the lis pendens, which it contends was improperly

13   recorded. (Mot., Dkt. No. 113-1.)  On December 5, 2016, Plaintiff filed an opposition. (Pl.'s

14   Opp'n, Dkt. No. 116.)  On December 12, 2016, Wells Fargo filed a reply. (Reply, Dkt. No. 118.)

## II.    LEGAL STANDARD

### A.    Motion to Intervene

17       Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right

18   where the potential intervenor "claims an interest relating to the property or transaction that is the

19   subject of the action, and is so situated that disposing of the action may as a practical matter

20   impair or impede the movant's ability to protect its interest, unless existing parties adequately

21   represent that interest."  The Ninth Circuit has summarized the requirements for intervention as of

22   right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must
> have a "significantly protectable" interest relating to the property or
> transaction which is the subject of the action; (3) the applicant must
> be so situated that the disposition of the action may as a practical
> matter impair or impede its ability to protect that interest; and (4) the
> applicant's interest must be inadequately represented by the parties
> to the action.

27   *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting

28   *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)).  Proposed

United States District Court
Northern District of California

2

United States District Court
Northern District of California

intervenors must satisfy all four criteria, and the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

Alternatively, the court has discretion to grant an applicant's request for permissive intervention. Under Federal Rule of Civil Procedure 24(b), "on a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention under Rule 24(b) requires an applicant to "prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). If these threshold requirements are all met, the court has discretion to permit or deny intervention under Rule 24(b). "[I]n exercising its discretion, the court is to consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n. 10 (9th Cir. 2002) (quoting Fed. R. Civ. P. 24(b)(2)).

### B.    Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents

3

are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.     DISCUSSION

### A.     Request for Judicial Notice

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of five documents in support of its motion to intervene: A) Notice of Lis Pendens, dated May 22, 2014, and recorded in the County of Montgomery, Texas, as document number 2014048714; B) General Warranty deed with third party vendor's lien, recorded on March 28, 2007, in the County of Montgomery, Texas, as document number 200741251; C) Deed of Trust in favor of World Savings Bank, recorded on April 23, 2007 in the County of Montgomery, Texas, as document number 2007041252; D) 2006 Federal Reserve order approving Wachovia's acquisition of Golden West Financial; and E) 2008 Federal Reserve order approving Wells Fargo's acquisition of Wachovia. (Req. for Judicial Notice, "RJN," Dkt. No. 114.)

Plaintiff does not oppose the request for judicial notice.

Exhibits A through E are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Wells Fargo's request for judicial notice.

### B.     Motion to Intervene

Wells Fargo seeks to intervene as a matter of right pursuant to Rule 24(a), so the Court need not address permissive intervention.

#### i.     Timeliness

Plaintiff argues that Proposed Intervenor's motion is untimely. (Pl.'s Opp'n at 3). Specifically, Plaintiff argues that the case is settled, and the parties would be prejudiced because "the plaintiff[,] in any further negotiation[,] would demand greater security from the defendants if

4

1    there was a perception that Wells Fargo Bank could be successful in attacking the plaintiff's claim

2    of ownership and interest in the property." (Pl.'s Opp'n at 4.) Plaintiff argues that Wells Fargo's

3    intervention, and presumably the expunging of the lis pendens, would force the case to be tried. *Id.*

4    These arguments are unavailing.

5        The determination as to whether a motion to intervene is timely is left to the court's

6    discretion. *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981); *Alisal*, 370 F.3d at 921.

7    Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage

8    of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and

9    (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial*

10   *Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

11       First, while there is a pending settlement, more than a year has passed since the notice of

12   settlement was filed.  This discounts Plaintiff's argument that the proceedings are advanced, and,

13   therefore, the Court assigns little weight to the existence of a settlement agreement. (*See* Pl.'s

14   Opp'n at 4.)  Indeed, Defendants have spent over a year attempting to sell the subject property to

15   obtain the proceeds to pay the settlement, but have been unsuccessful.  Plaintiff's previously

16   reported that "[i]t [did] not appear possible to file a settlement without resulting in the discharge of

17   the Lis Pendens," which would enable Wells Fargo to sell the home. (Pl.'s Status Report, Dkt. 110

18   at 1-2.)

19       Second, any claim of prejudice to the parties based on Plaintiff's demand for "greater

20   security" from Defendants is not persuasive.  While the settlement may not be finalized and the

21   case disposed of due to the unavailability of sale proceeds or other guarantees is a function of

22   Defendant's actions. The proposed intervention itself did not cause this situation nor did the

23   timing thereof.  Rather, the Mortells' decision to default on their mortgage is the source of any

24   potential prejudice.  Thus, the Court assigns little weight to this factor.

25       Third, Wells Fargo argues that the length of delay was reasonable under the circumstances.

26   (Mot. at 8.)  Wells Fargo discovered this lawsuit in May 2015 when it ran a title search in

27   preparation for its foreclosure proceedings on the Subject Property. (Mot. at 8.) Wells Fargo

28   retained counsel to intervene and discovered that the parties had entered into a settlement

United States District Court
Northern District of California

1 agreement wherein the property would be marketed and sold. *Id.* Wells Fargo expected the lien to

2 be paid off in full from the sale, but the property did not sell and the mortgage continued to be in

3 arrears. *Id.* In its reply, Wells Fargo contends that it is now clear that the parties will be unable to

4 sell the property and that it can no longer rely on the purported terms of a settlement that it was

5 never a party to. (Reply at 3.) The Court agrees that the delay was reasonable under the

6 circumstances. Wells Fargo relied on the pending settlement, because the parties recognized it as

7 priority lienholder, and it expected the lien to be satisfied upon the sale of the property. Since the

8 property remains unsold and in the possession of the Mortells, who have defaulted on their

9 mortgage loan, the Court finds that Wells Fargo's reliance on the settlement terms as a reason for

10 delay was reasonable.

   In light of the foregoing, the Court concludes that Proposed Intervenor's motion is timely

12 under the circumstances.

### ii. Protectable Interest

14   "Rule 24(a)(2) does not require a specific legal or equitable interest," and it is "generally

15 enough that the interest is protectable under some law, and that there is a relationship between the

16 legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d

17 1173, 1179 (9th Cir. 2011) (citations omitted). The relationship requirement is met "if the

18 resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410.

19 The "interest" test is not a clear-cut or bright-line rule, because "[n]o specific legal or equitable

20 interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Instead,

21 the "interest" test directs courts to make a "practical, threshold inquiry," and "is primarily a

22 practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

23 compatible with efficiency and due process." *Id.*; *County of Fresno v. Andrus*, 622 F.2d 436, 438

24 (9th Cir. 1980) (internal quotation marks and citation omitted).

25   Proposed Intervenor contends that it has a "legally protectable interests" as the successor in

26 interest to a deed of trust on the Subject Property. (Mot. at 9.) Wells Fargo cites *Sullivan v.*

27 *Quality Loan Serv. Corp.,* which held that the bank, which had directed that the property be sold at

28 a non-judicial foreclosure sale, had a significant protectable interest in the property that was

protected by law and related to the plaintiff's claim. *See Sullivan v. Quality Loan Serv. Corp.*, 2011 WL 124280, at *4 (D. Idaho Jan. 11, 2011)(citing *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002)).  Here, while *Sullivan* involved a borrower plaintiff seeking to dissolve of a lien by quitclaim, the resolution of Plaintiff's claims by settlement would affect Wells Fargo's interest in the property, as it would impedes the non-judicial foreclosure action pending in Texas.

Thus, Wells Fargo has a sufficient legally protectable interest to support intervention.

### iii.    Impairment of Interests

Rule 24(a)(2) requires that the party seeking intervention is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." The Ninth Circuit has followed the guidance of Rule 24 advisory committee notes in holding that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822.

Proposed Intervenor contends that the allegedly improper lis pendens clouds title to the subject property, which impedes its right and ability to sell the property at a rate that will satisfy the amount of Defendant's default. (Mot. at 9; Reply at 4.)  In opposition, Plaintiff argues that Wells Fargo is not prejudiced, because there is sufficient equity in the property to pay off the mortgage. (Pl.'s Opp'n at 4.)  Plaintiff's claim, however, that there is sufficient equity to satisfy the mortgage and the arrearage is merely speculative given that the property has been listed for sale for more than one year, and has had several price reductions.

Accordingly, the Court is persuaded that the disposition of this action may impair or impede Wells Fargo's ability to protect its rights, and finds that this requirement for intervention is satisfied.

### iv.    Interests Inadequately Represented by the Parties

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are examined to evaluate adequacy

United States District Court
Northern District of California

7

of representation: (1) whether the interest of a present party is such that it will "undoubtedly" make all of a proposed intervenor's arguments; (2) whether the present party is "capable and willing" to make such arguments; and (3) whether a proposed intervenor would offer any "necessary elements" to the proceeding that other parties would neglect. *Id.*

Wells Fargo contends that none of the existing parties will protect its lien rights. (Mot. at 11.)  Specifically, Plaintiff has no interest in upholding Wells Fargo's liens on the Property, and Defendants are "purported fraudsters," who have no stake in protecting Wells Fargo's rights and have defaulted on their mortgage, and continue to live rent free on the Subject Property. *Id.*

Indeed, Wells Fargo's lien is ever increasing due to the Mortells' default, and the parties' actions, which included Plaintiff asking the Court to assist in finding "a way to file a settlement but retain the lis pendens" to prevent Wells Fargo from exercising their lien right to sell the home at foreclosure (Dkt. No. 110), make it clear that Wells Fargo's interests are not adequately represented by the parties.

Accordingly, the Court finds that the fourth element for intervention as of right is satisfied.

## IV.    CONCLUSION

In light of the foregoing, the Court finds that Wells Fargo has met the requirements for intervention as a matter of right, and GRANTS the motion to intervene, such that Wells Fargo may participate as an interested party.  Wells Fargo is granted leave to file its motion to expunge lis pendens, and shall do so within 14 days of this order.

In light of the above, the Court recommends that the parties meet and confer regarding a possible informal resolution to this matter.  The Court will set a case management conference after the forthcoming motion to expunge is resolved.

IT IS SO ORDERED.

Dated: January 10, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge